NO. 07-10-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 20, 2011
_____

JOHN HANEY SUMMERS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY;

NO. 2009-0000211M-CR ; HONORABLE ROGER TOWERY, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, John Haney Summers, Jr., pled guilty to possession of child pornography[1] and was sentenced to ten years confinement pursuant to a plea agreement.  In a single point of error, Appellant asserts the trial court erred by denying his motion to suppress all evidence obtained as a result of his illegal arrest.

---

[1]*See* Tex. Penal Code Ann. § 43.26(A)(1) (West 2011).

**Background**

On December 16, 2009, a Montague County Grand Jury returned an indictment alleging that, on or about October 11, 2009, Appellant intentionally and knowingly possessed visual material that visually depicted, and which Appellant knew visually depicted, a child who was younger than eighteen years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: actual deviate sexual intercourse.

On January 5, 2010, Appellant filed a motion to suppress the contents of a laptop computer and two written statements alleging the evidence was obtained following an illegal arrest. At the hearing, Officer Matt Poole of the City of Nocona Police Department testified that, on October 11, 2009, he spoke with Lori Vanistendael. She was concerned that Ashley, her sixteen year old daughter, was communicating with Appellant on the internet for approximately three weeks. Ashley's most recent communication from Appellant indicated he was attempting to set up a meeting at a local park. Appellant stated he was going to "play mistress" with her; she could command him to do things, spank him for being bad, and make him beg. Appellant further stated that he would be driving a green Chevrolet pickup and would be parked at the park between 8:00 and 9:00 p.m. that evening. In his internet profile, Appellant represented he was sixteen years old[2] and suggested that he was sexually active with children who were thirteen years old and under while depicting sexually provocative images and language.

---

[2]Appellant is forty-three years old.

Officer Poole went to the park at approximately 9:30 p.m. and spotted a green Chevrolet pickup. He approached the pickup from behind and turned on his overhead lights. His intention was to find out more information regarding Appellant's communications with Ashley. When he approached the pickup, he recognized Appellant from his picture in his internet profile. Appellant had a laptop hooked to a power supply with a number of chat windows open.[3] After Officer Poole identified Appellant as the person communicating with Ashley, he asked Appellant to get out of the pickup. He advised Appellant that there were some issues he wanted to speak with him about regarding a child in Nocona and asked him if he would come with him to the Police Department and speak with him about it. Appellant replied, "Okay." Before placing Appellant in the back seat of his patrol car, Officer Poole handcuffed Appellant and explained that he was doing so for his and Appellant's safety.[4] Officer Poole described Appellant as very cooperative and extremely compliant. He then drove Appellant six or seven blocks to the police department. Appellant's pickup remained at the park.

At the police department, Officer Poole placed Appellant on a bench, still handcuffed, while he prepared for the interview. He subsequently led Appellant to his office, removed the handcuffs and they began to talk. He orally advised Appellant of his *Miranda* rights[5] and then began questioning him about child pornography. Officer Poole

---

[3]During the stop, dispatch informed Officer Poole that Appellant had e-mailed Ashley indicating he had been pulled over and the police were checking him out.

[4]Officer Poole testified that it was his practice to handcuff persons he did not know prior to placing them in his patrol car.

[5]In *Miranda v. Arizona,* the United States Supreme Court determined that an accused held in custody, must be given required warnings prior to questioning. *Miranda v. Arizona,* 384 U.S. 436, 469-72, 86 S.Ct.

asked Appellant if he would waive his rights and Appellant executed a written waiver of his *Miranda* rights.[6]

In his handwritten statement on the same page as his *Miranda* waiver, Appellant stated that he had been communicating with Ashley and discussed how he had set up computer accounts to protect his children from predators. He could tell who were "fakes" and would get them to send him "[p]ics and videos" which he stored in folders and e-mails. He further indicated that, on his computer, he had nude photographs of boys and girls performing sexual acts that had been sent to him by "fakes." He stated that, "[f]or a long time, he had hoped to meet a cop [on his computer] to turn the stuff [ineligible]" and "keep some of these people out of the system" and that "[he] hoped that by [his] action it [made] the site safer for kids and adults."

Officer Poole asked Appellant if he had any nude pictures of child pornography on his laptop. Appellant replied, "Yes." Officer Poole then asked Appellant if he would agree to permit him to search his laptop and Appellant agreed. Appellant executed a Consent Search Warning form wherein he agreed to allow his laptop to be searched. Officer Poole then retrieved the laptop, confirmed that nude pictures of child pornography were on the computer and placed Appellant under arrest.

On October 13, 2009, Officer Poole took a second statement[7] from Appellant wherein he admitted to posing as a fourteen year old girl on the internet and trading

---

1602, 16 L.Ed.2d 694 (1966); *Jones v. State*, 119 S.W.3d 766, 772 (Tex.Crim.App. 2003).

[6]Appellant initialed the form next to each right he was voluntarily waiving, i.e., right to remain silent, right to counsel and his right to terminate the interview at any time. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (West 2005). He also signed the form.

4

pornographic pictures and videos with other children and adults. He described in detail internet accounts where he stored pornography, how he attracted underage children and solicited girls thirteen to fifteen years of age for sex. During the transcribed interview statement, Officer Poole asked to be excused to speak with Officer Berry. Appellant responded, "Alright, I told you the other day, I am willing to help."

Officer Poole testified that, until he arrested Appellant for the child pornography on his laptop, he had temporarily detained Appellant to conduct an investigation. When he handcuffed Appellant at the park, he explained to Appellant that he was being handcuffed for their safety because Appellant was being placed in the back seat of his patrol car. When they arrived at the police department, the handcuffs were removed and Appellant was placed in an office.

Appellant testified he was parked at the park after dark chatting online with a Chinese friend when Officer Poole approached his car. When Officer Poole informed him that "he was going to detain [him] for a little bit and asked to take him to the [police department] and ask some questions," Appellant testified that he "[s]tarted freaking out because [he] didn't really know what was going on, but [he] complied with him." When Officer Poole placed handcuffs on Appellant prior to placing him in the patrol car, Appellant believed he was under arrest and unable to leave. He also testified that, before he had signed any waivers, he and Officer Poole returned to the pickup and was told that Officer Poole was going to get his laptop. He subsequently contradicted his

---

[7]Appellant's second statement was recorded and transcribed. Prior to giving the statement, Appellant again initialed a voluntary waiver form next to each right he was waiving, i.e., right to remain silent, right to counsel and his right to terminate the interview at any time. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (West 2005). He also signed the form.

earlier testimony and stated that Officer Poole did not ask him at the park whether he wanted to go to the police department.

Following the hearing, the trial court denied Appellant's motion. Appellant pled guilty pursuant to a plea agreement that preserved his right to appeal the trial court's ruling on his motion to suppress and he was sentenced to ten years confinement. Appellant filed a formal request for Findings of Fact and Conclusions of Law and this appeal followed. No Findings of Fact and Conclusions of Law were ever filed.

**Analysis**

In *Cullen v. State*, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006), the Court of Criminal Appeals held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." Those findings of fact and conclusions of law must be adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts. *Id.* The findings need to be recorded in some way, whether written and filed or stated on the record. *Id.*

When the accused challenges the motion to suppress ruling and requests findings of fact and conclusions of law, as was done here, but the trial court fails to comply with that request, the proper remedy is for the appellate court to abate the appeal and remand the proceeding to the trial court to allow the trial court to make the necessary findings. *See Scheideman v. State,* No. 02-10-00154-CR, 2011 Tex.App. LEXIS 5197, at *2 (Tex.App.--Fort Worth June 30, 2011, order) (abating and remanding to the trial court to make findings); *Harper v. State,* No. 07-10-0131-CR, 2011 Tex.App. LEXIS 760, at *3 (Tex.App.-Amarillo Feb. 2, 2011, order).

6

The reporter's record of the suppression hearing in the underlying case does not contain any statements on the record that could be considered findings by the trial court. Consequently, we abate this appeal and remand the cause to the trial court for the filing of findings of fact and conclusions of law as required by *Cullen.* We direct the Honorable Roger Towery, Presiding Judge of the 97th District Court of Montague County, to make and file his findings on or before November 21, 2011. Those findings and conclusions shall be included in either a supplemental reporter's record or a supplemental clerk's record to be filed with the Clerk of this Court on or before November 30, 2011. On the filing of this supplemental record, the appellate record will be complete.

If Appellant determines, after reviewing the trial court's findings and conclusions, that he should amend or supplement his brief, his amended or supplemental brief will be due thirty days after the supplemental record is filed. Tex. R. App. P. 38.6(a). If Appellant files an amended or supplemental brief, the State will have thirty days thereafter to file a responsive brief.[8]

Per Curiam

Do not publish.

---

[8]In this proceeding, the State did not file a brief nor request additional time to do so. Accordingly, we have conducted an independent analysis of the merits of Appellant's claim of error to determine whether error occurred, revealing the absence of Findings of Fact and Conclusions of Law. *See Little v. State*, 246 S.W.3d 391, 397-98 (Tex.App.—Amarillo 2008, no pet.). The decision to independently review the merits of Appellant's point of error should not be construed as approval of the State's failure to file a brief. *See* Tex. Code Crim. Proc. Ann. art. 2.01 (West 2005) ("Each district attorney **shall** represent the State in all criminal cases in the district courts and **appeals** therefrom . . . .") (Emphasis added).